Andrews agt. Durant.

## SUPREME COURT.

### ANDREWS AND OTHERS agt. DURANT AND OTHERS.

In all cases of appeal from the Circuit Court, the judgment on the appeal should be certified to the clerk with whom the roll is filed, to be there entered and docketed.

Where the defendants entered judgment of nonsuit and filed the roll in Ulster county, where the venue was laid, and on appeal to the general term at Albany, judgment was affirmed, and the defendants entered judgment and filed another roll in Albany county, *held*, that the latter judgment was irregular.

*Ulster Special Term, November* 1851. The venue in this cause was laid in the county of Ulster. The cause was tried there in April 1850, and a nonsuit entered on which the judgment roll was filed in the clerk's office of Ulster county, and judgment perfected for $93·79. The plaintiffs appealed, and the appeal was argued before the general term at Albany, and judgment was affirmed at May Term, 1851. The defendants thereupon made up a judgment roll and filed it in the clerk's office of Albany county, where judgment was perfected for $71·56, the costs of the appeal, on the 9th of June 1851. A transcript was sent to Ulster on which the judgment was docketed, and an execution issued to the sheriff of Ulster county. The execution described the judgment as rendered for $165·35, which was the amount of both judgments. The plaintiffs now move to set aside the judgment roll and all subsequent proceedings for irregularity, on the ground that the judgment roll filed in the county of Albany ought to have been filed in the county of Ulster, and that there was no such judgment as that described in the execution.

R. F. MACAULY, *for Plaintiffs.*

S. H. HAMMOND, *for Defendants.*

PARKER, Justice.—The most important question to be decided is whether the judgment roll was properly filed in the county of Albany. The Code provides (§ 311) that " the clerk shall insert in the entry of judgment on the application of the prevailing party, upon two days notice to the other, the sum of the charges

Andrews agt. Durant.

for costs, as above provided, and the necessary disbursements and fees of officers allowed by law, including the compensation of the referees, and the expense of printing the papers upon any appeal."

What clerk is here intended? the clerk of Ulster, where the cause was first tried, or the clerk of Albany, where the judgment was affirmed on appeal? This question seems to be fully answered by the 466th section of the Code, which says: "The word ' clerk,' as used in this act, signifies the clerk of the court where the action is pending, *and in the Supreme Court, the clerk in the county mentioned in the complaint*, or in another county to which the court may have changed the place of trial, unless otherwise specified."

It was then the clerk of Ulster, and not the clerk of Albany, who had the power to adjust the costs, and file the roll and perfect judgment.

It was clearly the policy of the Code that all the papers in the cause should be filed in one clerk's office, so that they might readily show the history of the cause, and be attached together to constitute the judgment roll, as directed in section 281. And in accordance with that view, Rule 4, adopted in 1849, requires that all papers shall be filed in the office of the clerk of the county specified in the complaint as the place of trial. The filing of the judgment roll at Albany was a violation of this rule.

There is a still more explicit provision of the Code in regard to entering judgment on appeal; but it is found in the chapter regulating appeals to the Supreme Court from an inferior court, and is therefore probably applicable only to appeals from a judgment rendered by a County Court. It is as follows: " Judgments upon appeal shall be entered and docketed with the clerk in whose office the judgment roll is filed. When the appeal is heard in a county other than that where the judgment roll is filed, or is not from a judgment of a County Court, the judgment upon the appeal shall be certified to the clerk with whom the roll is filed to be there entered and docketed."

There are certainly strong reasons for supposing that this sec-

Andrews agt. Durant.

tion was intended to apply to appeals from the circuit; because nothing is said in the next chapter which treats of appeals in the Supreme Court from a single judge to the general term, about the place of entering judgment, and there was no more reason for excepting a judgment in the county court, than there was for excepting judgments in a mayor's or recorder's court, which are expressly enumerated in section 344.

But conceding that this special provision in section 347 is not in terms applicable, yet it contains the precise practice that ought to have been followed in this case under the other sections I have referred to, and rule 4. In all cases of appeal from the circuit court, the judgment on the appeal should be certified to the clerk with whom the roll is filed, to be there entered and docketed. The papers are thus all kept in the office of the clerk of the county specified in the complaint as the place of trial.

It is said that too much time has elapsed since the filing of the judgment roll to allow of the interference of the court to correct the irregularity. But I think the affidavits show a sufficient excuse for the delay. It appears that the attorney for the plaintiffs did not discover the irregularity till he had made out his papers to appeal to the Court of Appeals, and then, learning that the roll was not on file at Ulster, he immediately entered into a correspondence with the attorneys for defendants on the subject, informing them in his letter, of the irregularity, and that he did not know where to file the undertaking, or on what clerk to serve his notice of appeal. It was certainly not a mere technicality of which the plaintiffs' attorney complained; but the irregularity was of such a character as to create some embarrassment to the plaintiffs in making their appeal; and it ought to have been corrected on the application of the plaintiffs' attorney.

The defendants' counsel asked, on the argument of this motion, that, in case he was irregular, the court would direct the roll to be filed in Ulster, *nunc pro tunc,* as of 9th June 1851. But I know of no authority for such a course in a case like this. If it may be done in this case, it may be done in every case of irregular practice. The motion must be granted with $10 costs.